IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| COLUMBIA GAS TRANSMISSION, LLC, | * | |
| Plaintiff, | * | |
| v. | * | Case No. ELH-14-110 |
| 76 ACRES MORE OR LESS, IN BALTIMORE AND HARFORD COUNTIES, MARYLAND, *et al.*, | * | |
| Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## REPORT AND RECOMMENDATIONS

This Report and Recommendations addresses the Motion for Default Judgment (ECF No. 48) filed by Plaintiff, Columbia Gas Transmission ("Columbia") against the Defendants John Herbert Hagan, IV, Robert Allen Hagan, Donald J. Rocker, Marco A. Zamora, and Maria Guadalupe Zizelman f/k/a Maria G. Zamora (collectively "Defendants")[1]. The Defendants have not filed an opposition, and their deadline has now passed. Judge Hollander referred this case to me to review Plaintiff's Motion and to make recommendations concerning Plaintiff's requested relief, pursuant to 28 U.S.C. § 301 and Local Rule 301.6. (ECF No. 49). I have reviewed Plaintiff's Motion and accompanying exhibits. (ECF No. 48). No hearing is deemed necessary. Local Rule 105.6 (D. Md. 2011). For the reasons discussed below, I respectfully recommend that Plaintiff's Motion (ECF No. 48) be GRANTED, but I make no recommendations regarding appropriate relief.

---

[1] The other defendants named in Columbia's Complaint (ECF No. 1) are not parties to the Motion for Default Judgment.

1

I.     BACKGROUND

Plaintiff Columbia is a Delaware-based interstate natural gas company as defined by Section 717a(6) of the Natural Gas Act ("NGA"), 15 U.S.C. § 717 et. seq., which qualifies it to construct, own, operate, and maintain pipelines for the transmission of natural gas and its constituents. Compl. ¶ 4. Columbia is authorized to transport natural gas by the Federal Energy Regulatory Commission ("FERC"), and it is subject to FERC's jurisdiction. Compl. ¶ 4; McClain Aff. ¶¶ 26–30.

Since the 1950s, Columbia has operated a 26-inch natural gas pipeline ("Line MB") in and around Baltimore and Harford counties, Maryland. Line MB is scheduled for replacement in 2014. Compl. ¶¶ 26–29. As part of this replacement project ("Project"), Columbia intends to construct 21.5 miles of Line MB over the Defendants' properties. Compl. ¶ 28; McClain Aff. ¶ 10. Although Columbia set April 1, 2014, as the date on which replacement work would commence, Columbia cannot replace Line MB until it acquires licenses, permanent easements, and temporary easements (collectively "Easements") over the Defendants' properties ("subject Properties"). Compl. ¶¶ 29–30.

The scope of the proposed work is described in Columbia's Complaint, filed on January 15, 2014, and also in Columbia's FERC Certificate of Public Convenience and Necessity ("FERC Certificate"), obtained on November 21, 2013. McClain Aff. ¶¶ 26–30; (ECF No. 1, Exs. 8, 12, 16). Generally, in order to complete the Line MB Project, Columbia must secure from the Defendants the following: (1) permanent and exclusive easements and rights-of-way to construct, operate, maintain, replace, repair, remove, or abandon Line MB extending 25 feet on either side of Line MB, totaling 50 feet in width; and (2) temporary construction easements 25 to 50 feet on either side of and adjoining the permanent easements. Compl. ¶¶ 31–32. In addition,

Columbia requests the rights of ingress and egress from the subject Properties to the Easements. McClain Aff. ¶ 30. Columbia asserts that Defendants retain the right to use the subject Properties in any manner that does not interfere with the use of its Easements. Compl. ¶ 34. Columbia maintains that it negotiated in good faith with the Defendants and made bona fide offers to compensate the Defendants for the desired Easements. Compl. ¶ 36; McClain Aff ¶¶ 33–34. Between April 4, 2013, and May 22, 2013, Columbia mailed offer letters to the Defendants, offering to purchase the Easements for the following amounts: Hagan Property - $19,500; Rocker Property - $20,125; Zamora and Zizelman Property - $7,800. McClain Aff. ¶ 33. In spite of its efforts, Columbia has not been able to negotiate sale of the Easements with Defendants. Compl. ¶ 36; McClain Aff. ¶ 35.

Columbia filed its Complaint on January 15, 2014, but Defendants did not respond to service within the time allotted pursuant to Rules 12(a) and 71.1(e) of the Federal Rules of Civil Procedure. (ECF No. 1). Columbia served John Herbert Hagan, IV, on March 2, 2014; his response was due on March 24, 2014. (ECF No. 36 at 3). Columbia served Robert Allen Hagan on March 1, 2014; his response was due on March 24, 2014. (ECF No. 36 at 2). Columbia served Defendant Donald J. Rocker on January 24, 2014; his response was due on February 14, 2014. (ECF No. 11 at 7). Columbia served Marco A. Zamora on March 24, 2014; his response was due on April 14, 2014. (ECF No. 36 at 1). Columbia served Maria Guadalupe Zizelman on February 21, 2014; her response was due on March 14, 2014. (ECF No. 31). To date, the Defendants have not filed responsive pleadings, and, thus, are in default. On April 30, 2014, Columbia requested the Clerk to enter default against the Defendants. (ECF No. 40). On May 6, 2014, the Clerk entered an Order of Default against the Defendants. (ECF No. 44). On May 15, 2014, Columbia filed the instant Motion for Default Judgment. (ECF No. 48).

## II.     STANDARD FOR DEFAULT JUDGMENT

In reviewing Plaintiff's Motion for Default Judgment, the court accepts as true the well-pleaded factual allegations in the complaint as to liability. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001). It, however, remains for the court to determine whether these unchallenged factual allegations constitute a legitimate cause of action. *Id.*; *see also* 10A Wright, Miller & Kane, *Federal Practice and Procedure* § 2688 (3d ed. Supp. 2010) ("[L]iability is not deemed established simply because of the default . . . and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability."). If the court determines that Plaintiff's allegations support a cause of action and establish liability, the court must then determine if Plaintiff's allegations support the relief sought. *Ryan*, 253 F.3d at 780. In sum, (1) the court must determine whether the unchallenged facts in Plaintiff's Complaint constitute a legitimate cause of action, and, if they do, (2) the court must make an independent determination regarding the appropriate relief.

## III.    DISCUSSION

The Natural Gas Act ("NGA") entitles Columbia to condemn the subject Properties when:

> any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain pipe line or pipe lines for the transportation of natural gas . . . it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State courts.[2]

---

[2] This Court has jurisdiction over eminent domain actions where the property at issue is valued at or over $3,000. *See* 15 U.S.C. § 717f(h). All properties at issue in the instant case are valued at more than $3,000. McClain Aff. ¶ 33.

15 U.S.C. § 717f(h). As discussed more fully below, (1) Columbia holds a FERC Certificate; and (2) Columbia cannot acquire by contract and is unable to agree with the Defendants as to the compensation to be paid for the Easements.

**A.  Columbia Holds a FERC Certificate of Convenience and Necessity**

Columbia meets the first condition of Section 717f(h) because it is a natural gas company as defined by Section 717(a)(6) that holds a FERC Certificate to construct, operate, and maintain Line MB. Compl. ¶ 4. Columbia's FERC Certificate explicitly empowers it to exercise the right of eminent domain over the subject Properties; however Columbia's power to condemn is proscribed only to rights that are necessary "to construct, operate, and maintain a pipeline or pipelines for the transportation of natural gas." 15 U.S.C. § 717f(h); *E. Tenn. Natural Gas Co. v. Sage,* 361 F.3d 808, 818 (4th Cir. 2004). Columbia must detail these Properties by inclusion of a "description of the [condemned] property sufficient for its identification." Fed. R. Civ. P. 71(A)(c)(2); *Columbia Gas Transmission Corp. v. An Easement to Construct, Operate & Maintain a 24-Inch Pipeline Across Properties in Shenandoah Cnty., Va.*, 5:07CV04009, 2008 WL 2439889 (W.D. Va. June 9, 2008). In compliance with this requirement, Columbia described the subject Properties in the Affidavit of Michael S. McClain and the attached exhibit, and submitted plats of the subject Properties. McClain Aff. Ex. A; (ECF No. 1, Exs. 8, 12, 16). Columbia's FERC Certificate is a valid demonstration of its authority to condemn the subject Properties. Furthermore, it is undisputed that Columbia possesses the right to condemn.[3] For the forgoing reasons, Columbia satisfies the first condition of Section 717f(h).

---

[3] Although the Fourth Circuit has never ruled on this particular issue, federal courts across the country have recognized that FERC Certificates are immune from collateral attack, as the propriety of FERC's findings and conditions is not subject to review. *See, e.g.*, *Transwestern Pipeline Co. v. 17.19 Acres of Prop. Located in Maricopa Cnty.*, 550 F.3d 770, 778 n.9 (9th Cir. 2008) ("The NGA does not allow landowners to collaterally attack the FERC certificate in the district court, it only allows enforcement of its provisions.") (citing *Williams Natural Gas Co. v. City of Oklahoma City*, 890 F.2d 255, 262 (10th Cir.

### B. Columbia and the Defendants Failed to Agree to Compensation

Columbia satisfies the second condition of Section 717f(h) because it negotiated in good faith with the Defendants and made bona fide offers to purchase the desired Easements. Compl. ¶ 36; McClain Aff ¶¶ 33–34.  Notably, Columbia need only show that it made an offer to the Defendants in order to demonstrate compliance with the second condition of Section 717f(h). The burden to satisfy this condition is not onerous. *E. Tenn. Natural Gas, LLC v. 1.28 Acres*, 2006 WL 1133874, at *29 (W.D. Va. Apr. 26, 2006) ("…nothing in the Act or Federal Rule of Civil Procedure 71A requires the condemnor to negotiate in good faith.  All the Act requires is a showing that the plaintiff has been unable to acquire the property by contract or has been unable to agree with the owner of the property as to the compensation to be paid.").   In April and May, 2013, Columbia mailed offer letters to the Defendants.  McClain Aff. ¶ 33.  However, the Defendants did not accept Columbia's offers, and Columbia has not been able to negotiate sale of the Easements with the Defendants.  Compl. ¶ 36; McClain Aff. ¶¶ 34–35.  Thus, because Columbia made offers to the Defendants, but could not agree as to compensation, Columbia satisfied its obligation under Section 717f(h) and is entitled to default judgment and to condemnation of the property. *Sage*, 361 F.3d at 827–28.

### C. Relief

In its Motion for Default Judgment, Columbia only sought entry of an order of default judgment confirming its right to condemn against the Defendants, and did not seek other specific relief. Pl.'s Mot. 9.  Columbia provided sufficient evidentiary basis for an award of relief in this case.  Thus, no hearing is necessary.  Pursuant to Rule 55 of the Federal Rules of Civil

---

1989) ("…a challenger may not collaterally attack the validity of a prior FERC order in a subsequent proceeding.").  Thus, as Columbia proves that it holds a valid FERC Certificate, its right to condemn cannot be contested.

Procedure, default judgment is warranted because Columbia stated a legitimate cause of action and Columbia's allegations support the relief sought. *Ryan*, 253 F.3d at 780–81. Because Columbia satisfies the conditions in Section 717f(h), I recommend that Judge Hollander grant Columbia's request for default judgment.

Although Columbia did not seek this relief in its Motion for Default Judgment, the Fourth Circuit recognizes the right of this Court to exercise its equitable power to grant a natural gas company the remedy of immediate possession by means of a preliminary injunction upon a showing that the company has the substantive right to condemn property under the NGA. *E. Tenn. Natural Gas Co. v. Sage,* 361 F.3d 808, 828 (4th Cir. 2004). I make no recommendation as to the propriety of that relief because it was not squarely raised in Columbia's Motion for Default Judgment and because the issue has already been heard by Judge Hollander. *See* (ECF Nos. 45, 66) (hearing held on Friday, June 20, 2014).

### D. Conclusion

For the reasons set forth above, I recommend that the court GRANT Columbia's Motion for Default Judgment;

I also direct the Clerk to mail a copy of this Report and Recommendations to the Defendants at the addresses listed on Columbia's Complaint (ECF No. 1).

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

Dated: June 25, 2014                                                         /s/
                                                                     Stephanie A. Gallagher
                                                                     United States Magistrate Judge