IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| COLUMBIA GAS TRANSMISSION, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>76 ACRES MORE OR LESS, IN BALTIMORE AND HARFORD COUNTIES, MARYLAND, ET AL.<br><br>*Defendant*. | Civil Action No. ELH-14-00110 |

**MEMORANDUM**

Plaintiff Columbia Gas Transmission, LLC ("Columbia"), an interstate natural gas company, seeks to exercise its power of eminent domain, as authorized by the Natural Gas Act, 15 U.S.C. § 717f(h),[1] in order to construct 21.5 miles of pipeline through Baltimore County and Harford County in Maryland. Compl. ¶¶ 1, 4, 28, 27, ECF 1. Defendants are landowners, *see* Compl. ¶¶ 5-24, who unsuccessfully disputed Columbia's right to eminent domain. *See* Order

---

1. Subsection h, titled **"Right of eminent domain for construction of pipelines, etc.,"** states: "When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State courts. The practice and procedure in any action or proceeding for that purpose in the district court of the United States shall conform as nearly as may be with the practice and procedure in similar action or proceeding in the courts of the State where the property is situated: Provided, That the United States district courts shall only have jurisdiction of cases when the amount claimed by the owner of the property to be condemned exceeds $3,000."

granting partial summary judgment, "PSJ Order," ECF 75. The proper measure of just compensation remains in dispute. *See*, *e.g.*, *id.* ¶ 10 (trial pending on just compensation).

On June 27, 2014, I issued an Order entitling Columbia to immediate possession of portions of defendants' properties, pending determination of the "appropriate bond amount that Columbia should be required to post as security for each property." *See* PSJ Order, ECF 75. On July 29, 2014, in response to requests from several landowners for direct payment in lieu of a bond, I asked Columbia to "submit a proposed order to the Court … specifically enumerating the amounts Columbia will pay to the parties ... ." ECF 92. On August 1, 2014, Columbia asked the Court to reconsider the question of direct payments in lieu of a bond. "Original Motion," ECF 93. On August 4, 2014, I granted Columbia's motion (ECF 94) and, in a separate Order ("Bond Order," ECF 95), directed Columbia to deposit funds into the court registry, in the amount of $231,675, which represented the estimated damages for the properties, and generally corresponded to the compensation offers that Columbia had made to the remaining defendants. *See* Bond Order, ECF 95 ¶ 9 (setting bond); ECF 82 at 2 ("Columbia takes the position that the appropriate bond amount in this matter is its estimate of just compensation owed to the defendants, represented by the highest written offer made to those property owners."). The Bond Order also permitted the landowners to draw down any funds needed to make "property modifications or repairs to their property as construction of the Line MB property progresses," on motion to the Court. Bond Order ¶ 10.

Defendants Robert DeGraw, Deborah DeGraw, Lambert G. Boyce, Jr., Ledley Byrd Boyce, and Margaret Kenney have filed motions for reconsideration, in which they ask me to rescind the Bond Order and reinstate the prior Order requiring direct payments to the property

owners. *See* DeGraw Motion, ECF 98; Boyce & Kenney Motion, ECF 99 (collectively, "Motions for Reconsideration"). The five landowners dispute the timing of compensatory payments (ECF 98, ECF 99), and the Boyces and Ms. Kenney also ask the Court to reconsider the scope of the easements granted. ECF 99. Columbia has submitted a consolidated motion in opposition. "Opposition," ECF 104. Defendants did not reply, and the time to do so has now passed. *See* Local Rule 105.2(a).

The Motions for Reconsideration are fully briefed, and no hearing is needed to resolve them. *See* Local Rule 105.6. For the reasons that follow, I will deny the Motions for Reconsideration.

1.

All five landowners have asked the Court to rescind the Bond Order. *See generally* Motions for Reconsideration. The DeGraws argue that "if Columbia is granted the right to take immediate possession," then they (the DeGraws) "are entitled to immediate payment for the rights being taken." ECF 98 ¶ 5. The DeGraws believe that "they will be entitled to at least the amount of money estimated by Columbia for the value of the property rights being taken," and that withholding this amount until final determination at trial is "not equitable." *Id*. They ask the Court to permit "the defendants … immediate access to the respective amounts of money posted by Columbia without the need to make any showing what[so]ever of 'need.'" *Id*. ¶ 9.

The Boyces and Ms. Kenney argue, in relevant part, as follows:

> It is one thing for landowners to wait for a trial to resolve the issue of payment of just compensation for property because at least they can still use their property in the interim. It is quite another to force landowners to spend thousands of dollars up front to implement protective measures during construction that Columbia has refused to adopt – and to then be forced to either (a) spend more money on an

> attorney to chase recovery of those funds in a court proceeding or (b) wait months until a trial to learn whether that money will be recovered at all.

ECF 99 ¶ 12.

In Opposition, Columbia reiterates the central argument advanced in its original motion for reconsideration of my decision regarding direct payments: "Without the fact finder making a final determination about just compensation, the Defendants will not yet be entitled to any amount of money and, prior to that award, there is a risk that a Defendant could draw down more than he or she is ultimately awarded." Opposition, ECF 104 at 6; *see also* Original Motion, ECF 93 at 4. Columbia asserted in its Original Motion that this result is likely because "settlement offers, which provide the basis for the amounts the Court has directed it to pay, are often much higher than the amounts of just compensation ultimately ordered following condemnation." *Id*. Columbia explains: "This is because Columbia tries to provide monetary incentive to landowners in order to avoid litigation costs associated with condemnation cases." *Id*.

In direct response to the DeGraws' argument in ECF 99 ¶ 6, Columbia adds that "pre-suit negotiations represent offers of compromise, which are not admissible 'to prove the validity or amount of a disputed claim.'" Opposition, ECF 104 at 4 (quoting Fed. R. Evid. 408(a)). Thus, "any amount offered to the DeGraws or any other Defendant in such an offer of compromise" is not legally binding on Columbia in any final determination of compensation. *Id*. In other words, it claims that the DeGraws erroneously believe that they are entitled to the sum offered by Columbia in settlement negotiations.

In my view, Columbia's arguments in Opposition are as persuasive today as they were in its Original Motion. The DeGraws' belief that they are already entitled to a discernable sum is,

as Columbia points out, mistaken.  *See* Fed. R. Evid. 408(a).  As to the arguments of the Boyces and Ms. Kenney with respect to the cost of protective measures that Columbia refuses to implement, and their claim that they are "forced" to "wait months until a trial to learn whether that money will be recovered at all," ECF 99 ¶ 12, the delays inherent in litigation are unfortunate.  But, this is not a basis to grant the requested relief.

I also note that the DeGraws appear to believe that the "just compensation" they are due includes compensation for three different components: "damages caused to the property by Columbia by its use of the property"; the "fair market value of the property rights"; and "the value of the right to use the owner's property to construct its gas pipeline."  DeGraw Motion, ECF 98 ¶ 3.  In the context of eminent domain cases, "just compensation" is a legal term of art, which generally means that the owner of property taken by eminent domain is entitled to the fair market value of the property.  *See*, *e.g.*, *U.S. v. Miller*, 317 U.S. 369, 374 (1943) (in awarding just compensation, "[t]he owner has been said to be entitled to … the 'fair market value' of what is taken"); "just compensation," BLACK'S LAW DICTIONARY 343 (10th ed. 2014) ("Under the Fifth Amendment, a payment by the government for property it has taken under eminent domain — usu. the property's fair market value, so that the owner is theoretically no worse off after the taking.").  If Columbia ultimately does not take the DeGraw's property, then Columbia would owe for the "damages" done to the property since Columbia first entered on it.

As explained by the Fourth Circuit in *E. Tenn. Natural Gas Co. v. Sage*, 361 F.3d 808, 818 (4th Cir. 2004), "the Natural Gas Act … gives a gas company the power to acquire property by eminent domain, but the Act does not provide for immediate possession, that is, possession before just compensation is determined."  Accordingly, the Fourth Circuit decided in *Sage* that

gas companies could pursue preliminary injunctions to gain possession before just compensation is determined, *id*., which is precisely what Columbia has done here.  *See* Memorandum in Support of Motion for Immediate Possession, ECF 42-1; PSJ Order, ECF 75.

A preliminary injunction is not a final decision on a matter — it is a temporary decision, which means the Court thinks one party is likely to win in the end, but that view may change before the case is over.  It is possible, for example, that "a FERC-regulated gas company [may be] … somehow permitted to abandon a pipeline project … in the midst of a condemnation proceeding." *Id*. at 826.  In such cases, "the company would be liable to the landowner for the time it occupied the land and for any damages resulting to the land and to fixtures and improvements for the cost of restoration." *Id*. (internal quotations omitted).  The bond deposited with this Court is merely a sum of money posted as security in the event a party was wrongfully enjoined.  *See* Fed. R. Civ. P. 65(c).  It is not an advance payment of "just compensation."

Therefore, in light of the foregoing, the DeGraw Motion (ECF 98) is denied, and the Boyce & Kenney Motion (ECF 99) is denied, insofar as it requests this Court to reinstate the provision of direct payments in lieu of the bond ordered by this Court (*see* Bond Order, ECF 95).

2.

The Motion for Reconsideration submitted by the Boyces and Ms. Kenney also asks the Court to reconsider parts of the Bond Order that they believe exceed this Court's authority.  Boyce & Kenney Motion, ECF 99 ¶ 9.  Specifically, defendants take issue with paragraphs five and six of the Bond Order, *see* ECF 99 ¶¶ 6, 8, and with the provision of "temporary construction easements 'that are 25 to 50 feet' on either side of the permanent easement[s]." *Id*. ¶ 8 (quoting Bond Order).

Defendants argue that paragraphs five and six of "the Court order allo[w] Columbia to relocate or lay additional pipelines," in excess of Columbia's power of eminent domain and this Court's power to enforce it. *See Id*. ¶¶ 6, 9.  However, paragraphs five and six do not speak to Columbia's right or lack thereof to install "additional pipelines."  Bond Order, ECF 95 ¶ 5 ("Columbia is … entitled to … construct, operate, maintain, replace, repair, remove or abandon [the pipeline] … ."), ¶ 6 ("Columbia shall also have reasonable rights to ingress and egress on the Properties for the purposes of access to the easements.").

Paragraph five provides Columbia with the "right to change the location of the … [line] as may be necessary or advisable as the result of any conditions or events beyond Columbia's control … ."  But, the portions of the certificate of public convenience and necessity issued to Columbia by the Federal Energy Regulatory Commission ("FERC certificate), *see generally* PSJ Order, ECF 75, cited by defendants (Boyce & Kenney Motion, ECF 99 ¶¶ 6, 7) do not prohibit, or even speak to, Columbia's ability to relocate authorized pipeline construction as necessary. Similarly, defendants' argument that the granting of a "25 to 50" foot temporary construction easement on either side of the permanent easements is somehow *ultra vires* is completely unsupported by their citations.  *See id*., Final Alignment Sheets, ECF 84-1.

**Conclusion**

For the foregoing reasons, I will deny defendants' Motions to Reconsider (ECF 98, ECF 99).  A separate Order follows, consistent with this Memorandum.


Date: September 22, 2014                                       /s/
                                                                              Ellen Lipton Hollander
                                                                              United States District Judge